UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>**BJT ENTERPRISES, INC., d/b/a** )<br>**Closets by Design,** )<br>)<br>)<br>**CBD FRANCHISING, INC.,** a )<br>California Corporation, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**BJT ENTERPRISES, INC., d/b/a** )<br>**Closets by Design,** an Illinois )<br>Corporation, )<br>)<br>Defendant. ) | Case No. 05-CV-2185 |

## **OPINION**

This case is before this court for ruling on the Motion for Leave to Appeal (#1) filed by CBD Franchising, Inc. (CBD). Following this court's careful review of CBT's Memorandum and all of the documents provided, as well as the responses filed in opposition to the Motion, this court concludes that CBT has failed to establish that an interlocutory appeal should be allowed in this case. Accordingly, CBT's Motion for Leave to Appeal (#1) is DENIED.

BACKGROUND

On February 25, 2005, Debtor BJT Enterprises, Inc. (BJT) filed a voluntary petition for bankruptcy under chapter 11 of the Bankruptcy Code. The case was assigned Case No. 05-90616 in the bankruptcy court. CBD filed a Notice of Appearance in the bankruptcy case on March 22, 2005. On July 20, 2005, CBD filed an adversary proceeding in bankruptcy court against BJT. This case was assigned Case No. 05-09073 in the bankruptcy court. CBD filed a Complaint for

Injunctive Relief and an Emergency Motion for Preliminary Injunction, a Brief in support and supporting exhibits. CBD later filed an Amended Motion. A hearing was held on July 26, 2005, before United States Bankruptcy Judge Gerald D. Fines. Following the hearing, Judge Fines denied CBD's request for a preliminary injunction. Judge Fines entered a written order on July 28, 2005, and stated that he determined that CBD had "no likelihood of success on the merits of the underlying litigation."

On August 9, 2005, CBD filed, in the bankruptcy court, a Motion for Leave to File an Appeal of the Bankruptcy Court's Order Denying Franchisor's Emergency Motion for Preliminary Injunction. CBD also filed a Brief in Support of its Motion and numerous exhibits. CBD stated that its Motion for Preliminary Injunction sought an Order from the Bankruptcy Court ordering BJT to return CBD's proprietary property and to comply with the terms of the Franchise Agreement that requires BJT to fill or ship all pending orders for installation by CBD's designee. CBD argued that its Motion was supported by a wealth of uncontroverted evidence as well as existing law. CBD argued that, in denying its Motion, Judge Fines erred by, unfortunately, accepting representations made by BJT's counsel that CBD's property would be returned. CBD argued that it should be granted leave to appeal Judge Fines' Order because: (1) there is a controlling question of law which has substantial grounds for difference of opinion, based upon Judge Fines' failure to make findings of fact or conclusions of law; and (2) immediate appeal of Judge Fines' Order will materially advance the ultimate termination of the litigation because the issues of contractual construction raised by CBD's motion are dispositive of several of the issues raised in CBD's adversary complaint against BJT. In addition, CBD argued that it should be allowed to appeal Judge Fines' Order because, otherwise, CBD and the general public will continue to be irreparably harmed by BJT's

breach of the clear terms of the Franchise Agreements, conversion of CBD's property, misappropriation of CBD's trade secrets, infringement of CBD's trademarks, and deception of CBD customers.

BJT filed a Response in Opposition to CBD's Motion for Leave to File an Appeal of the Bankruptcy Court's Order. BJT first argued that CBD's motion should be stricken because CBD improperly included facts that exceed the boundary of what is "necessary to an understanding of the questions to be presented by the appeal" in violation of Rule 8003(a) of the Federal Rules of Bankruptcy Procedure, including facts which occurred after the hearing and documents that were never part of the record in the Bankruptcy Court.

BJT also argued that there is no legitimate basis for granting CBD leave to file an interlocutory appeal of Judge Fines' order denying CBD's request for a preliminary injunction. BJT argued that CBD has failed to show that the Order sought to be reviewed involves a controlling question of law for which there is a substantial difference of opinion. BJT contended that, contrary to CBT's argument, Judge Fines made adequate findings of fact and conclusions of law when ruling on the Motion. BJT noted that Judge Fines stated in his Order that he read and considered the memoranda of law submitted by the parties, took judicial notice of the entire record in the underlying chapter 11 case of BJT, heard and considered the arguments of counsel at the hearing, and determined that CBD had no likelihood of success on the merits of the underlying litigation. BJT further noted that CBD called no witnesses at the hearing and, instead, relied on affidavits. BJT contended that Judge Fines correctly concluded that CBD failed to meet its burden and that its evidence was insufficient to warrant a preliminary injunction. In addition, BJT argued that an interlocutory appeal of the order denying the motion for preliminary injunction will not be

dispositive of any contested issue on the underlying litigations and will not materially advance the ultimate termination of the underlying litigation in this case. BJT contended that all of the issues in CBD's adversary complaint relating to the interpretation of various provisions in the franchise agreements, breach of contract, misappropriation of trade secrets and conversion can still be prosecuted by CBD and will not be advanced or resolved by an interlocutory appeal.

William E. Curran, Sr., filed a Response to Motion for Leave to File an Appeal and a Declaration in Support. In his Declaration, Curran stated that he is the Chief Executive Officer of BJT. Curran set out, in detail, the steps BJT has taken to deliver to CBD property claimed by it and to "de-identify" BJT as a CBD franchisee, present or past. Curran argued that there is no basis for this court to allow CBD to appeal Judge Fines' order denying the motion for a preliminary injunction.

On August 22, 2005, the clerk of the Bankruptcy Court forwarded the Motion for Leave to Appeal, Notice of Appeal and the responses to the Motion to this court for decision.

ANALYSIS

In this case, the parties agree that Judge Fines' ruling denying CBD's Motion for Preliminary Injunction is an interlocutory order and, therefore, CBD may appeal this order only if it obtains leave from the district court. See Gierum v. Kontrick, 2002 WL 226857, at *2 (N.D. Ill. 2002), citing 28 U.S.C. § 158(a). Under 28 U.S.C. § 158(a)(3), it is within the district court's discretion whether to allow leave to appeal from an interlocutory order. See In re Jartran, Inc., 886 F.2d 859, 866 (7th Cir. 1989); Lynd v. Outboard Marine Corp., 2004 WL 1794471, at *2 (N.D. Ill. 2004); Gierum, 2002 WL 226857, at *2. The Bankruptcy Code does not provide an explicit standard for assessing the appropriateness of such an appeal. Kmart Corp. v. Uniden Am. Corp., 2004 WL 2222265, at *1

(N.D. Ill. 2004); Gierum, 2002 WL 226857, at *2. However, district courts have applied the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district court to the Court of Appeals, to the bankruptcy context. See Kmart Corp. 2004 WL 2222265, at *1; Lynd, 2004 WL 1794471, at *2; Gierum, 2002 WL 2226857, at *2; In the Matter of Weinschneider, 2000 WL 28269, at *2 (N.D. Ill. 2000); In re OBT Partners, 218 B.R. 418, 419 (N.D. Ill. 1998); see also In re Dino's, Inc., 183 B.R. 779, 781 (S.D. Ohio 1995).

District courts applying the standard set forth in § 1292(b) to bankruptcy appeals have adopted its three-part test. Gierum, 2002 WL 226857, at *2. Accordingly, in considering CBD's Motion for Leave to Appeal, this court adopts the three-part test of § 1292(b).[1] Under the three-part test, an interlocutory appeal is appropriate when it: (1) involves a controlling question of law; (2) over which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the termination of the litigation. See 28 U.S.C. § 1292(b); Hollinger Int'l, Inc. v. Hollinger Inc., 2005 WL 327058, at *2 (N.D. Ill. 2005); Gierum, 2002 WL 226857, at *2; see also Kmart Corp., 2004 WL 2222265, at *1. To prevail, the party seeking leave to appeal must demonstrate all of the factors. Hollinger, 2005 WL 327058, at *2. Interlocutory appeals are disfavored, and courts should only "sparingly" grant permission to take such an appeal. In re Brand Name Prescription Drugs Antitrust Litig., 1998 WL 808992, at *3 (N.D. Ill. 1998); see also Hollinger, 2005 WL 327058, at *2. The party seeking interlocutory review bears the heavy burden of persuading the court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Brand Name, 1998 WL 808992, at *3, quoting Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972); see

---

[1] This court notes that the parties have referred to this test in making their arguments. CBD has not argued that 28 U.S.C. § 1292(a)(1) has any application to this case.

also Kmart Corp., 2004 WL 2222265, at *1.

The Seventh Circuit has provided additional guidance to district courts regarding the correct application of the § 1292(b) test for the appropriateness of an interlocutory appeal. In Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674 (7th Cir. 2000), the Seventh Circuit disagreed with a decision of this court to certify an order for interlocutory appeal. In doing so, the Seventh Circuit provided a definition of "question of law" that is instructive in this case. See Gierum, 2002 WL 226857, at *3. The court stated that a "question of law" as used in § 1292(b) "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. . . ." Ahrenholz, 219 F.3d at 676. The court then stated that interlocutory appeals should be reserved for "'pure' question[s] of law rather than merely [for] an issue that might be free from a factual contest." Ahrenholz, 219 F.3d at 676-77. The court stated that the "idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." Ahrenholz, 219 F.3d at 677; see also Hollinger, 2005 WL 327058, at *2. To summarize its holding on this point, the court stated that a "'question of law' means an abstract legal issue. . . ." Ahrenholz, 219 F.3d at 677; Gierum, 2002 WL 226857, at *3.

In this case, CBD wants an immediate appeal to challenge Judge Fines' ruling which denied CBD's request for a preliminary injunction. CBD does not even attempt to argue that its appeal would raise a "controlling question of law" or an "abstract legal issue." Instead, CBD argues that the first prong of the test is satisfied due to Judge Fines' "complete lack of findings of fact or conclusions of law." CBD essentially argues that Judge Fines did not adequately consider the evidence it presented and inappropriately relied on misrepresentations made by BJT's counsel. This

court concludes that CBD is actually challenging Judge Fines' fact finding (or lack thereof) and wants this court to review the facts and come to a different conclusion. CBD has presented many reasons why it disagrees with Judge Fines' Order and argues that it is suffering irreparable harm because of the Order. However, these arguments do not show that the issue raised is one of law.

This court concludes that, in this situation, this court would not be faced with an issue concerning the "meaning of a statutory or constitutional provision, regulation, or common law doctrine." See Ahrenholz, 219 F.3d at 676; Gierum, 2002 WL 226857, at *3. This type of review would not involve what the Seventh Circuit has identified as a "pure" question of law or an "abstract legal issue." See Ahrenholz, 219 F.3d at 677; Gierum, 2002 WL 226857, at *3.

Because CBD has not shown that its requested interlocutory appeal involves a controlling question of law, this court concludes that it cannot satisfy the three-part test of § 1292(b). See Ahrenholz, 219 F.3d at 676-77; cf. Dino's, 183 B.R. at 781 (leave to appeal warranted where substantive issue in case involved a controlling question of law: a determination of the appropriate standard under the statute). As such, this court is not justified in exercising its discretion to allow CBD leave to appeal in this case. See Lynd, 2004 WL 1794471, at *2. This court further notes that it believes that entertaining this appeal is much more likely to delay, rather than advance, the ultimate termination of the adversary proceeding. See Weinschneider, 2000 WL 28269, at *2. This court agrees with BJT that CBD may prosecute all of its claims in the adversary proceedings. Then, at the conclusion of those proceedings, the parties may take one comprehensive appeal. See Weinschneider, 2000 WL 28269, at *2. Accordingly, CBD's Motion for Leave to Appeal (#1) must be denied.

IT IS THEREFORE ORDERED THAT:

(1) CBD Franchising's Motion for Leave to Appeal (#1) is DENIED.

(2) This case is terminated.

ENTERED this 20th day of September, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE